IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHARON HALEY, guardian/parent
and next best friend of JEROME
DAVIS, a minor                                              PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:05cv113-DCB-JCS

FORD MOTOR COMPANY                                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the plaintiff's
Motion to Remand and Motion for Rule 11 Sanctions [**docket entry no.
5**].  Having reviewed the Motion, briefs, applicable statutory and
case law and being otherwise fully advised as to the premises, the
Court finds as follows:

## FACTS AND PROCEDURAL BACKGROUND

On May 30, 2003, Jerome Davis, a passenger in a 2001 Mazda
pickup truck, was involved in a motor vehicle accident.  The
plaintiff claims that the air bags on the truck failed to deploy
and that the minor Davis suffered severe injuries as a result.
Specifically, the plaintiff claims that Davis "sustained serious
injuries and damages to his head, face, back, leg and neck and
suffered discomfort and incurred medical expenses as a result of
this incident."  Compl., ¶12.

The plaintiff, Davis' mother, originally filed an action in
the Circuit Court of Jefferson County, Mississippi, on August 21,
2004, claiming that Ford Motor Company ("Ford"), which manufactured
the vehicle in which Davis was riding, and the car dealership from

which the pickup truck was purchased were liable for Davis'
injuries on a number of different theories. <u>See</u> August 2004 Compl.
(Civ. Action No. 5:03cv460).  In the August 2004 complaint, the
plaintiff sought compensatory damages for an unspecified amount and
sought punitive damages in the amount of $20,000,000.00.  That case
was subsequently removed to federal court by Ford on the basis of
diversity jurisdiction. <u>See</u> Def. Response to Pl. Motion to Remand,
at 5.  Ford argued in response to the plaintiff's motion to remand
that the dealership, which was of the same citizenship as the
plaintiff, had been fraudulently joined so as to improperly defeat
diversity jurisdiction.  The plaintiff's motion for remand and for
Rule 11 sanctions against Ford was denied, and shortly thereafter,
the plaintiff filed a motion to dismiss the action without
prejudice.  That motion was granted in January of 2005. <u>See</u> Order
dated January 5, 2005 (Civ. Action No. 5:03cv460).

A few months later, in April of 2005, the plaintiff refiled
essentially the same action, again in state court, but this time,
the plaintiff named only Ford as a defendant and omitted the
previous request for $20,000,000.00 in punitive damages.  Ford
again removed the case to federal court on the basis of diversity.
The plaintiff countered with the current Motion to Remand and
Motion for Rule 11 Sanctions, arguing that Ford has not shown that
the amount in controversy exceeds the jurisdictional amount.

**DISCUSSION**

**I.  Standard for Remand**

Federal courts are courts of limited jurisdiction.  Removing defendants bear the burden of establishing federal subject matter jurisdiction.  See Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939) Carson v. Dunham, 121 U.S. 421, 425-26 (1887); Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961).  "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, where there is no federal question basis for jurisdiction, as in this case, the defendant bears the burden of showing that diversity jurisdiction exists.

**II.  Has Ford Demonstrated the Requisite Amount in Controversy?**

Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  While there is no question that the parties in this case are "citizens of different States[,]"[1] there is a dispute over whether the requisite

---

[1] Ford is both incorporated and has its principal place of business in a state other than Mississippi.  See Notice of Removal, ¶3.  The plaintiff is a resident and citizen of Jefferson County, Mississippi.  Id.

-3-

amount in controversy has been met.

Generally, where the amount in controversy is not alleged in the complaint, the defendant must demonstrate that the severity of the damages alleged give rise to a reasonable probability that the jurisdictional amount has been met. See Simon v. Wal-mart Stores, Inc., 193 F.3d 848, 851 (5th Cir. 1999) (holding that damages comprising an injured shoulder, bruises, abrasions, unidentified medical expenses and a loss of consortium did not satisfy the amount in controversy requirement). But see Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (holding that jurisdictional amount was met where the complaint listed damages including property damages, travel expenses, emergency ambulance trip, six-day hospital stay, pain and suffering, humiliation and a temporary ability to not do housework). Where such damages are not "facially apparent" from the complaint, this Court may consider summary judgment type evidence in deciding whether or not federal jurisdiction is appropriate. Pollet v. Sears Roebuck & Co., 46 Fed. Appx. 226 (5th Cir. 2002).

In an earlier Memorandum Opinion and Order issued by this Court, it was determined that the amount in controversy in this case is not facially apparent from the complaint. See Order dated Oct. 18, 2005 [docket entry no. 10]. After conducting more discovery into the matter, the defendant is now able to offer via deposition testimony from Davis a more complete picture as to

-4-

whether the jurisdictional amount has been met.

Davis, the injured party in this case, alleges that he was rendered unconscious for a period of approximately ten minutes as a result of the vehicle accident.  It was later determined at the hospital that he had suffered a concussion.  See Depo. of Jerome Davis, 25, 32, 39.  Davis also suffered a split lip, which required stitches.  Additionally, Davis testified that just after the accident his head was "scarred up" and required bandaging.  See Depo. of Jerome Davis, 26.  Davis also alleges that he suffered two cracked or broken teeth.  See Depo. of Jerome Davis, 28.

Beyond those alleged injuries, Davis also testified that he suffered and continues to suffer pain as a result of the accident. See Depo. of Jerome Davis, 28-29 (stating that he suffered from a toothache, severe neck pain for two months and continuing sporadic neck pain, "real bad" headaches for three days to one week after the accident, and continues to have back pain to the present time). Davis was also unable to participate in football activities during the spring following the accident and missed two weeks of school as a result of his injuries.  See Depo. of Jerome Davis, 51-52, 61.

Davis was seen by a physician at the Natchez Regional Medical Center at least two times, once to receive bandaging to his head and stitches to his injured lip immediately after the accident and once to have the stitches removed.  He also saw a doctor at an unidentified clinic in Natchez, Mississippi, a few days after the

accident occurred.  It is unclear from Davis' deposition what the purpose of that visit was or what treatment Davis received while there.  Davis was seen by an unidentified dentist in Jackson, Mississippi, to have his broken tooth pulled.  There is no evidence in the record as to the amount of medical bills incurred as a result of the accident.  See Depo. of Jerome Davis, 58-59, 64 (stating that he did not know what his damages might total); Def. Supp. Response to Show Cause Order, 5-6 (noting that though bills were requested from the Natchez Regional Medical Center, the hospital failed to provide them).

In Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999), the Fifth Circuit Court of Appeals found that alleged damages for an injured shoulder, bruising and loss of consortium as the result of an incident in a Wal-Mart store's parking lot where the plaintiff was dragged several feet by a passing automobile were not enough to support a finding that the amount in controversy exceeded $75,000.00.[2]  Id. at 849-50.  In this case, Davis' physical injuries consist of an injured lip requiring stitches, cuts to his head and two broken or chipped teeth.  It would appear that such injuries are no more severe that those alleged in the Simon case.  See also Felton v. Greyhound Lines, Inc., 324 F.3d

---

[2] The Fifth Circuit Court of Appeals also noted that the plaintiff's own subjective belief that her claims were worth more than the jurisdictional amount was insufficient to relieve the defendant of its burden to support federal jurisdiction at the time of removal.  Simon, 193 F.3d at 851.

771, 774 (5th Cir. 2003) (holding that "the question remains close" that the amount in controversy had been met where the alleged injuries included a broken leg requiring surgery to mend, confinement to a rehabilitation hospital afterwards and proof of at least $40,000 in medical bills). In this case, Davis did not require any surgery, emergency transportation, prescription medication (other than some pain-killers after having his tooth pulled months after the accident occurred) or rehabilitative services as a result of his alleged injuries. Moreover, the defendant has not produced any medical bills which would set a monetary baseline from which this Court could gauge whether the amount in controversy could be met. Even if the bills had been produced, it is extremely doubtful that the limited medical treatment Davis received after the accident would be significant. Davis' allegations that he suffered and continues to suffer pain in his neck and back as a result of the accident are not enough to change this conclusion.[3]

Ford, however, notes that the plaintiff has been very tight-lipped about definitively establishing what the true amount-in-controversy is in this case. The defendant argues that this

---

[3] Apparently, Davis' pain in the days immediately following the accident was not severe inasmuch as he was not prescribed any pain-relief medication. Moreover, Davis currently plays football for the junior college that he is attending. These facts lead the Court to believe that the alleged pain was not and is not so severe that damages arising therefrom will likely cause the amount in controversy to be met in this case.

uncooperative stance is "strong and significant circumstantial evidence" that should influence this Court to find that the plaintiff values her damages at an amount greater than $ 75,000.00 but does not wish to have her case retained in the federal system.

The defendant's characterization of the plaintiff's uncooperativeness is not misstated. This Court has ordered the plaintiff to describe Davis' damages and to provide his medical bills on three separate occasions. See Orders dated Oct. 18, Oct. 31 and Dec. 1, 2005 [docket entry nos. 9, 10 & 13]. The plaintiff has failed to respond in any manner to these orders. Moreover, the defendant has requested that the plaintiff specify the amount of damages she is seeking on numerous occasions and the defendant has never received a response. See Def. Supp. Response to Show Cause Order, at 2-3. As noted by this Court in a previous opinion in this case, it appears that the plaintiff is attempting to evade federal jurisdiction by remaining ambiguous about her potential damages:

> There is some indication that the plaintiff in this case has engaged in artful pleading in an attempt to defeat federal jurisdiction.[4] After having her initial

---

[4] It should be noted that no fundamental problem exists where a plaintiff dismisses her complaint in federal court and refiles in state court, if the plaintiff wishes to claim less than the jurisdictional amount of damages to stay in state court. After all, the plaintiff is normally the master of her complaint, and she is entitled to forego her claims for recovery beyond $75,000.00 if remaining in state court is more appealing to her. However, it is troublesome when a plaintiff purposely remains ambiguous in an attempt to defeat federal jurisdiction. While the plaintiff is

action brought in August of 2004 retained by the district court, the plaintiff moved to dismiss her case. A few months after that dismissal was granted, the plaintiff again filed essentially the same claim in state court, but this time the complaint appears to be purposely drafted in such a way as to leave very little indication about what the true amount in controversy is, without actually limiting the plaintiff's potential recovery.

Order dated Oct. 18, 2005 [docket entry no. 9] (footnote numbered in original as no. 5).

Ordinarily, district courts are to give great weight to a plaintiff's subjective valuation of his or her case; however, this rule applies only where the complaint includes a claim for a specific amount of damages. See St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Undoubtedly, the plaintiff's continued and systematic attempts to avoid a true accounting of the damages at issue and the fact that a prior complaint concerning the same events included a request for $20,000,000.00 in punitive damages demonstrates that the plaintiff values her claims at well over $75,000.00. That subjective evaluation standing alone and not contained within the complaint itself, however, is insufficient to establish federal jurisdiction.

Even if the complaint had alleged a definite dollar amount, federal jurisdiction would still be inappropriate if it appeared to a "legal certainty" that the claim is worth less than $75,000.00.

---

entitled to some choice in determining where to litigate her case, it is not her right to deny a defendant its right to remove a case to federal court where federal jurisdiction exists.

Greenberg, 134 F.3d at 1253; see also Simon, 193 F.3d at 849, 851 (stating that the district court is to consider whether the amount in controversy requirement has been met regardless of whether the parties raised it as an issue or subjectively believed that the plaintiff's claims were valued beyond the jurisdictional threshold).  As set forth above, the extent of the injuries demonstrated would not give rise to a reasonable possibility of recovering more than $75,000.00.

Moreover, for this Court to factor in the plaintiff's prior claim for punitive damages, they must have some rational relation to the actual amount of damages Davis suffered.  See BMW of North Am. v. Gore, 517 U.S. 559, 583 (1996).  The damages at issue in this case do not appear to bear any rational relationship to the $20,000,000.00 punitive request in the prior complaint.  It is unlikely, based upon the evidence presented and as considered at the time of removal, that any reasonably-related punitive damage award would add enough to the actual damages to surpass the requisite amount in controversy.  See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (noting that the facts supporting federal jurisdiction are to be judged at the time of removal).

Therefore, it is the conclusion of this Court that this matter should be remanded to the Circuit Court of Jefferson County, Mississippi.  Should more evidence become available to the

defendant at a later date indicating that the requisite amount in controversy for federal diversity jurisdiction has been met, Ford is free to again remove this action.  Based upon the plaintiff's conduct, the Court would also be inclined to entertain jurisdiction over this claim beyond the one-year deadline which normally applies to removal in diversity actions.  See 28 U.S.C. § 1446(b) (prohibiting removal on the basis of diversity after one year has passed from the commencement of the state action); Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003) ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in [28] U.S.C. § 1446(b) be extended").

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that this action should be remanded to the state court from whence it came, but the plaintiff's request for Rule 11 sanctions should be denied.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 5**] is **GRANTED** inasmuch as the Court lacks subject matter jurisdiction over this action, but is **DENIED** as to her request for Rule 11 sanctions against the defendant.  A final order of remand shall be entered remanding this case to the Circuit Court of Jefferson County, Mississippi.

-11-

SO ORDERED, this the 28th day of February, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE